# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| SHERRI LYNN MOSS, | ) |
| Plaintiff, | ) ) |
| v. | ) No. 07-0047-CV-W-FJG |
| CASEY'S GENERAL STORES, INC., | ) ) ) |
| Defendant. | ) ) |

## ORDER

Pending before the Court is Defendant's Motion to Dismiss (Doc. No. 5) and Suggestions in Support of its motion (Doc. No. 6). Defendant seeks to dismiss plaintiff's Complaint for lack of subject matter jurisdiction and for improper party. Defendant's motion will be considered below.

### I. BACKGROUND

Plaintiff filed her complaint in this Court on January 18, 2007 (Doc. No. 1). Plaintiff's Complaint alleges that plaintiff slipped and fell on a wet floor in defendant's store. (¶ 10 Doc. No. 1). As a result of the fall, plaintiff alleges that she suffered knee injuries, specifically "a tear of the anterior horn of the lateral meniscus of the left knee." (¶ 15, Doc. No. 1). Plaintiff asserts that defendant was negligent by not maintaining a reasonably safe condition and by not warning customers if the floor was wet. Plaintiff seeks damages for past and future medical treatment, past and future lost wages, costs incurred in the prosecution of this case, and for such other relief as this Court deems appropriate. (¶ 16, Doc. No. 1). However, plaintiff does not allege a specific amount of damages. Notably, plaintiff's prayer for relief does not include a request for punitive damages or damages resulting from emotional distress.

On February 20, 2007, defendant filed its motion to dismiss plaintiff's complaint. (Doc. No. 5). Defendant argues: (1) plaintiff has sued the wrong party in interest in this suit

and (2) plaintiff has not sufficiently pled that the amount in controversy exceeds $75,000.

## II. ANALYSIS

A. Defendant's Motion to Dismiss Plaintiff's Complaint for Failure to Satisfy Jurisdictional Amount

Defendant argues diversity jurisdiction does not exist in this case because plaintiff fails to meet the requisite jurisdictional amount in that plaintiff's damages do not exceed $75,000 as required under 28 U.S.C. § 1332. In a "facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993). Plaintiff's Complaint states that complete diversity exists between the parties and that "the amount in controversy exceeds $75,000, exclusive of interest and costs." Thus, on its face, plaintiff's Complaint has adequately alleged the jurisdictional amount.

However, defendant also argues that "there is no legal possibility that the [p]laintiff's claim in this cause of action could exceed $75,000" (Doc. No. 6). This is a Rule 12(b)(1) challenge to the factual truthfulness of plaintiff's jurisdictional allegations. In a factual challenge, "the court may receive competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute." Titus, 4 F.3d at 593 (citing Land v. Dollar, 330 U.S. 731, 735 n. 4 (1947)). No presumption of truthfulness attaches to a plaintiff's allegations relating to subject matter jurisdiction. Titus, 4 F.3d at 593 n.1. Moreover, a party who invokes jurisdiction carries the burden of proof on jurisdictional issues. James Neff Kramper Family Farm P'ship v. IBP, Inc., 393 F.3d 828 (8th Cir. 2005). Thus, plaintiff has the burden of proving diversity jurisdiction exists in this case.

"[A] complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it 'appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount.'" Kopp v. Kopp, 280 F.3d 883, 884 (8th

2

Cir. 2002) (citing Larkin v. Brown, 41 F.3d 387, 388 (8th Cir. 1994)).  "The district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000."  Id. at 885.

Defendant specifically argues that plaintiff's actual damages do not even exceed $5,000 let alone $75,000. Defendant states that plaintiff's medical expenses total $1,262.79 and plaintiff's lost wages are $2, 497.50, which brings plaintiff's damages to $3,760.29. Even though plaintiff also asserts future medical expenses, defendant argues such care is minimal because plaintiff has opted out of having knee surgery.

Plaintiff responds that defendant wrongly concludes plaintiff cannot recover more than $75,000.  Plaintiff states the issue "is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are." Kopp, 280 F.3d at 885.  Plaintiff further states her medical expenses will increase as plaintiff plans to have the recommended knee surgery, which is estimated to cost $10,000.  Due to plaintiff's lost wages combined with her past and future medical expenses, plaintiff states her special damages are approximately $17,380.54 and not $3,760.29 as defendant claims.  To prove that plaintiff is seeking more than the jurisdictional amount, plaintiff also points to her settlement demand letter sent to defendant dated November 3, 2006, where she requested $89,500 in full settlement of her claims against defendant.  (Doc. No. 8-6, Ex. 5).

Finally, plaintiff asserts that a fact finder might legally conclude that her damages are greater than the requisite amount.  Plaintiff points to cases where the demand for damages was lower than the jurisdictional amount, but the court held it had jurisdiction over the matter.  In Quinn v. Kimble, 228 F. Supp. 2d 1038, 1041 (E.D. Mo. 2002), the court denied a motion to remand because a jury could legally award the requisite jurisdictional amount where plaintiffs had suffered head, neck, and back injuries; incurred medical expenses and will incur further expenses; have permanent, progressive, and disabling

3

injuries; plaintiffs' ability to work, labor, and enjoy life has been and will be impaired; and one of the plaintiffs had lost future wages. Plaintiff argues that <u>Quinn</u> is similar to her case because a jury could legally award her the jurisdictional amount given her past medical expenses, ongoing complaints, future medical expenses, future lost wages, and the impact to her lifestyle. Plaintiff also references a $130,000 settlement published in <u>Missouri Lawyers Weekly</u> where plaintiff sought $55,000 in damages for slipping and falling on a wet floor and injuring her knee (Doc. No. 8-13, Ex. 12). Plaintiff argues settlements such as these demonstrate to a legal certainty that plaintiff can recover more than the jurisdictional amount.

Defendant replies plaintiff has failed to prove by a preponderance of the evidence (or for that matter to a legal certainty) that the value of her claim exceeds $75,000. Defendant argues that even if plaintiff's damages increase to $17,380.54 (assuming plaintiff undergoes knee surgery), that amount is four times below the required jurisdictional amount.

The Court finds that the facts and evidence plaintiff has submitted is insufficient for this Court to exercise jurisdiction. To prove the jurisdictional amount, plaintiff provided the Court with plaintiff's counsel's affidavit stating plaintiff's damages; plaintiff's affidavit stating that her knee continues to cause her pain and that she will have the surgery recommended by her doctor; and the settlement demand letter. Such evidence does not prove to a legal certainty that plaintiff's damages would exceed the jurisdictional amount. Plaintiff compares this case to the facts of <u>Quinn</u> where the court found a fact finder could award the jurisdictional amount despite the fact that the actual damages asserted were below the jurisdictional amount. 228 F. Supp. 2d at 1041. The Court concludes that <u>Quinn</u> is distinguishable from the facts of this case because <u>Quinn</u> involved claims with multiple plaintiffs and multiple injuries. In this case, however, there is only one plaintiff with a single knee injury.

Even though plaintiff sought settlement of this matter for $89,500, the Court finds that this settlement demand does not support the damages plaintiff actually claims in her Complaint. Plaintiff's current damages are $17,380.54. It may be possible for plaintiff to recover beyond the jurisdictional amount if plaintiff sought damages for pain and suffering. However, plaintiff's Complaint fails to allege damages for pain and suffering. Further, plaintiff's Complaint also does not request punitive damages. While plaintiff's damages will increase with additional medical bills and future lost wages, plaintiff's damages are unlikely to exceed the jurisdictional amount. Without any additional claim for pain and suffering, the Court finds that a fact finder could not legally conclude that the damages plaintiff suffered are greater than $75,000. In the Court's estimation, it appears to a legal certainty that the claims are really for less than the jurisdictional amount. Accordingly, defendant's motion to dismiss for lack of subject matter jurisdiction (Doc. No. 5) is **GRANTED** and plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

B.    Defendant's Motion to Dismiss for Improper Party

Defendant argues that it is the wrong party in interest in this suit because it does not own or operate the building where plaintiff was injured in Richmond, Missouri. However, as the Court dismissed Plaintiff's Complaint for lack of jurisdiction, defendant's motion to dismiss for improper party is **DENIED AS MOOT**. The Court cautions, however, that should plaintiff re-file this case, the issue of improper party would remain as it is unclear to the Court based on the evidence defendant submitted whether defendant owns or operates the store in which plaintiff was injured.

Date: 4/10/07
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge